IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TONAL SYSTEMS, INC.,<br><br>    Declaratory Judgement Plaintiff<br>    and Defendant,<br><br>v.<br><br>IFIT INC.,<br><br>    Declaratory Judgement Defendant<br>    and Plaintiff. | C.A. No. 20-1197-LPS-CJB<br>**CONSOLIDATED** |

## MEMORANDUM ORDER

WHEREAS, on February 7, 2022, Magistrate Judge Burke issued a seven-page Report and Recommendation ("Report") (C.A. No. 21-652 D.I. 45), recommending that the Court: (1) grant Defendant Tonal Systems, Inc.'s ("Tonal") motion to dismiss (C.A. No. 21-652 D.I. 10) Plaintiff iFIT Inc.'s ("iFIT") "pre-suit"[1] induced infringement and willful infringement claims pled in the first amended complaint (C.A. No. 21-652 D.I. 7), and allow iFIT to file a further amended complaint (Report ¶¶ 5, 6); and (2) deny Tonal's motion to dismiss if iFIT "intends to press 'post-suit' induced infringement and willful infringement claims, dating from on or about May 5, 2021" (*id.* ¶ 7);

WHEREAS, on February 22, 2022, Tonal filed "limited objections" ("Objections" or "Objs.") (C.A. No. 20-1197 D.I. 60), contending that Judge Burke erred in holding that "allegations of knowledge based solely on the filing of an original complaint suffice[] to state a

---

[1] Unless otherwise indicated, the terms "pre-suit" and "post-suit" as used in this Memorandum Order refer, respectively, to the time periods before and after the filing of the ***original*** complaint on May 5, 2021. (*See* C.A. No. 21-652 D.I. 1)

1

claim for [post-suit] willful and induced infringement" pled in the amended complaint (Objs. at 2);

WHEREAS, on March 8, 2022, iFIT responded to Tonal's Objections ("Response" or "Resp.") (C.A. No. 20-1197 D.I. 63);

WHEREAS, iFIT did not object to the Report with respect to its recommendation to dismiss the "pre-suit" induced infringement and willful infringement claims;

WHEREAS, the Court has considered the Objections and the Response, and reviewed the Report *de novo*, *see* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011);

**NOW, THEREFORE, IT IS HEREBY ORDERED** that: (1) Tonal's Objections (C.A. No. 20-1197 D.I. 60) are **OVERRULED**; (2) Judge Burke's Report (C.A. No. 21-652 D.I. 45) is **ADOPTED**; (3) Tonal's motion to dismiss (C.A. No. 21-652 D.I. 10) is **GRANTED IN PART** with respect to "pre-suit" induced and willful infringement claims and is **DENIED IN PART** with respect to "post-suit" induced and willful infringement claims; and (4) by no later than April 21, 2022, iFIT may file an amended complaint to replead "pre-suit" induced and willful infringement claims.

1. The Court disagrees with Tonal's contention that "permitting the original complaint to supply the requisite basis for willfulness and inducement would eliminate any meaningful pleading requirement" with respect to "specific intent." (Objs. at 3-4) The "specific intent" in iFIT's induced and willful infringement claims is supported not only by the filing (and service) of the original complaint – which provides the factual basis for Tonal's knowledge of the patents-in-suit and the infringement claims (*see* Report ¶ 7) – but also by the alleged facts that Tonal "has continued to knowingly engage in infringing conduct thereafter" (*id.* ¶ 2). With

2

respect to the requisite knowledge, there is "little practical difference between a pre-complaint notice letter informing a defendant about a patentee's allegation of infringement and a subsequently-superseded original complaint formally alleging infringement." *Clouding IP, LLC v. Amazon.com, Inc.*, 2013 WL 2293452, at *4 (D. Del. May 24, 2013). Since such a pre-suit notice letter can satisfy the knowledge requirement for pleading willful and induced infringement, *see, e.g., Cloud Farm Assocs., L.P. v. Volkswagen Group of Am., Inc.*, 2012 WL 306939, at *3 (D. Del. July 27, 2012); *Bobcar Media, LLC v. Aardvark Event Logistics, Inc.*, 2017 WL 74729, at *6 (S.D.N.Y. Jan. 4, 2017), it follows that the original complaint is likewise sufficient.[2] Permitting the original complaint to supply the requisite knowledge does not, therefore, alter any pleading requirement.

2. Tonal next contends that "a plaintiff cannot 'prove an element of a legal claim with evidence that the plaintiff filed the claim.'" (Objs. at 5) (quoting *ZapFraud, Inc. v. Barracuda Networks, Inc.*, 528 F. Supp. 3d 247, 251 (D. Del. 2021)) According to Tonal, "because the claim for induced or willful infringement is predicated on knowledge that is purportedly gained (if at all) after the complaint is filed, the claims in that complaint are necessarily predicated on ***potential future conduct***." (Objs. at 5-6) To be clear, iFIT did not allege induced and willful infringement in the original complaint. Instead, iFIT alleged induced and willful infringement in the ***amended*** complaint on the basis of Tonal's continued infringement after it became aware of the allegations in the original complaint. "Whereas an original complaint alleging induced infringement based on post-filing knowledge is necessarily

---

[2] As Judge Burke points out, "there is no meaningful difference" between relying on an original complaint and relying on a notice letter sent on the same day of the complaint to establish the knowledge element for induced and willful infringement claims alleged in an amended complaint. (*See* Report at 6 n.5)

3

forward-looking, an amended pleading looks back to conduct that actually occurred since the filing of a prior version of the complaint." *Helios Steaming, LLC v. Vudu, Inc.*, 2020 WL 2332045, at *5 (D. Del. May 11, 2020). Thus, at the time of filing the amended complaint, iFIT's good faith basis for asserting induced and willful infringement claims did not need to rely on any "potential future conduct." *See Valinge Innovation AB v. Halstead New England Corp.*, 2018 WL 2411218, at *11 (D. Del. May 29, 2018) (finding that "relevant date for determining which conduct is pre-suit" for purposes of alleging willful infringement is "the date of the filing of the willful infringement claim at issue"); *Clouding IP*, 2013 WL 2293452, at *4 (finding that time between filing of original complaint and filing of amended complaint should be deemed "pre-filing" with respect to willful infringement claims alleged in amended complaint).

3. Tonal further insists that "[p]ermitting a patentee to allege induced and willful infringement in an amended complaint *after* the filing of the initial complaint does not solve this problem," adding that "the premise that a claim can be created by filing a claim does not exist in any other field of a law, including those with scienter requirements." (Objs. at 6) However, as iFIT correctly points out (*see* Resp. at 1-2), the Federal Circuit has recognized, at least for induced infringement, the service of the original complaint is sufficient to support, in an amended complaint, post-suit knowledge of a patent's existence and infringement. *See In re Bill of Lading Transmission and Processing Sys. Patent Litig.*, 681 F.3d 1323, 1345 (Fed. Cir. 2012) (finding allegation that defendant became "aware of the [asserted patent], at the latest, in March of 2009 when it was served with the complaint" supports induced infringement claim in amended complaint); *see also Labyrinth Optical Techs., LLC v. Fujitsu Am., Inc.*, 2013 WL 12126111, at *4-6 (D. Del. Aug. 21, 2013) ("*Bill of Lading* establishes that alleging that a defendant learned of

4

a patent from an earlier pleading in the case is adequate to allege the knowledge component of indirect infringement").

4. Tonal's argument that a rule against using a claim to create another new claim is "especially germane" to willful infringement is also unpersuasive. (*See* Objs. at 7) The Court sees no reason why a defendant who chooses to continue engaging in an infringing act should avoid liability for willful infringement "simply because it happened to learn of the patent in connection with a lawsuit." *Trading Techs. Int'l, Inc. v. BCG Partners, Inc.*, 2011 WL 3946581, at *4 (N.D. Ill. Sept. 2, 2011).

5. Finally, Tonal contends that permitting a patentee to prove the knowledge and intent for claims of induced and willful infringement by filing a complaint will undermine judicial economy. (Objs. at 8-9) Tonal has not pointed to any empirical study – nor, in this Court's view, made any persuasive showing – that these fears are well-founded. "[N]othing prevents a plaintiff from filing a new lawsuit alleging that the knowledge requirement is established because the [d]efendant is aware of the previous lawsuit." *Proxyconn Inc. v. Microsoft Corp.*, 2012 WL 1835680, at *6 (C.D. Cal. May 16, 2012); *see also ZapFraud*, 528 F. Supp. 3d at 251 n.4. A plaintiff may also file a motion to supplement pleadings, pursuant to Federal Rule of Civil Procedure 15(d), to plead post-suit facts. (*See* Report ¶ 7 n.5) It is not clear that the mechanism approved by the undersigned Judge has any greater impact on judicial economy than these alternatives.

6. The Court recognizes that its holding today contradicts those of other judges, including judges in this very District. *See, e.g., ZapFraud*, 528 F. Supp. 3d at 252; *Wrinkl v. Facebook, Inc.*, 2021 WL 4477022, at *7 (D. Del. Sept. 30, 2021). It is consistent, however, with the view the undersigned Judge has taken previously. *See, e.g., Clouding IP*, 2013 WL

5

2293452, at *4; *Gammino v. Am. Tel. & Tel. Co.*, 2013 WL 6154569, at *4 (D. Del. Nov. 22, 2013). As the Court is unaware of any controlling authority requiring a different outcome, Tonal's motion to dismiss the post-suit claims is denied.

March 30, 2022
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES CIRCUIT JUDGE