IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TONAL SYSTEMS, Inc., <br><br> Plaintiff, <br><br> v. <br><br> iFIT, Inc., <br><br> Defendant. | Civil Action No. 20-1197-GBW |

## MEMORANDUM ORDER

Plaintiff iFIT, Inc. ("iFIT")[1] filed its First Amended Complaint for Patent Infringement (the "Second Complaint") against Defendant Tonal Systems, Inc. ("Tonal").[2] C.A. No. 21-652, D.I. 7. Pending now before the Court is iFIT's Motion for Extension of Time (D.I. 85,[3] the "Motion"). iFIT asks the Court, pursuant to Federal Rule of Civil Procedure 6(b), to "extend the time for iFIT to amend" its allegations of "pre-suit induced and willful infringement" in the Second Complaint until 21 days after Tonal notifies the Court that it has finished its investigation of documents related to those pre-suit issues. D.I. 85 at 1. The Motion is fully briefed, D.I. 85; D.I. 96; D.I. 99, and no hearing is necessary. The Court denies iFIT's Motion because, if iFIT acted with diligence, iFIT could have met the deadline that the Court gave iFIT to replead its pre-suit induced and willful infringement claims.

Rule 6(b)(1)(A) permits a court, "for good cause," to "extend the time" that a party has to complete "an act." Magistrate Judge Burke has previously explained that,

---

[1] iFIT was previously called ICON Health & Fitness, Inc. D.I. 25.
[2] On February 14, 2022, the Court consolidated iFIT's case into a declaratory judgment case that Tonal had filed against iFIT on September 8, 2020. See D.I. 1; No. 21-652, D.I. 50. For ease, the Court will refer to iFIT as plaintiff and Tonal as defendant.
[3] Unless otherwise indicated, all docket numbers are references to Civil Docket No. 20-1197.

1

> [i]n order to establish good cause pursuant to Rule 6(b)(1)(A), the moving party must demonstrate that it cannot reasonably meet the court's deadlines despite its diligence. Courts have described Rule 6(b)(1)(A)'s "good cause" standard as non-rigorous and have noted that a request for an extension of time pursuant to the Rule should normally be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.

*Davis v. Ace Hardware Corp.*, 2014 WL 2990329, at *2 (D. Del. July 2, 2014) (cleaned up); *see also Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3d Cir. 1986) (finding that a scheduling order cannot "be disregarded without a specific showing of good cause," which requires, in the summary judgment context, the movant to demonstrate specific "diligent efforts on his or her part and unusual circumstances which have frustrated those efforts"); Adam N. Steinman, Charles Alan Wright & Arthur R. Miller, 4B *Federal Practice & Procedure* § 1165 (4th ed. 2022) (explaining that such requests "normally will be granted in the absence of bad faith").

On May 5, 2021, iFIT filed its original complaint against Tonal. No. 21-652, D.I. 1. Before Tonal answered, iFIT filed the Second Complaint on May 24, 2021. No. 21-652, D.I. 7. Tonal then moved to dismiss the "claims for induced and willful infringement" included in the Second Complaint. No. 21-652, D.I. 10. On February 7, 2022, Magistrate Judge Burke recommended that the Court (1) dismiss iFIT's "'pre-suit' induced infringement and willful infringement claims" and (2) grant iFIT "leave to file a further amended complaint" with revised induced and willful infringement claims. No. 21-652, D.I. 45 ¶¶ 5–6. Tonal, but not iFIT, filed objections. D.I. 60. The Court denied Tonal's objections to and adopted Judge Burke's recommendations on March 30, 2022. D.I. 69. The Court also granted iFIT until April 21, 2022 to "file an amended complaint to replead 'pre-suit' induced and willful infringement claims." D.I. 69 at 2. Tonal answered the Second Complaint on April 13, 2022. D.I. 81.

iFIT filed the present Motion on April 21, 2022. iFIT asserts that it served Tonal with requests for production "related at least in part to potential pre-suit induced and/or willful

2

infringement by Tonal" on March 10, 2022. D.I. 85 ¶ 5. For example, Request No. 36 asked for "[a]ll documents that refer or relate to . . . the circumstances under which you [i.e., Tonal] first became aware of the iFIT Asserted Patents and your overall knowledge of the iFIT Asserted Patents." D.I. 85-3, Ex. A at 8. On April 5, 2022, iFIT asked Tonal to confirm "that Tonal will be producing documents related to iFIT's willful infringement allegations" by "April 8, 2022." D.I. 85-3, Ex. B at 5–6. Tonal declined. Instead, on April 7, 2022, Tonal stated only "that its investigation is continuing . . . ." D.I. 85-3, Ex. B at 5. While iFIT understood "that the substantial production date is not until September 30, 2022," iFIT asked Tonal, on April 11, 2022, to produce documents that arose from "a reasonably diligent document search regarding evidence relevant to potential willful infringement" by April 15, 2022. D.I. 85-3, Ex. B at 4. Tonal again declined, roughly nine hours later. D.I. 85-3 at 3. Tonal also would not agree *a priori* to let iFIT amend the Second Complaint based on the documents Tonal was to produce. D.I. 85-3, Ex. C at 1–3. iFIT filed this Motion on the day it was required to file its amended pleading. D.I. 85.

As iFIT notes, the Court must decide whether iFIT could not "reasonably meet the [C]ourt's deadlines despite its diligence." D.I. 99 ¶ 4. iFIT suggests that, since "the Court did not limit . . . what [iFIT] could base its re-pleaded claims on[,]" iFIT had a right to use discovery to draft its amended complaint. D.I. 85 ¶¶ 6, 13. First, pleading generally precedes discovery. *See* Fed. R. Civ. P. 26(b)(1) (permitting discovery "relevant to any party's claim or defense"). Second, the parties' scheduling order, entered on December 15, 2021, provided that "[d]ocument production shall be substantially complete by **September 30, 2022**." D.I. 32 ¶ 8(b); No. 21-652, D.I. 23 ¶ 8(b) (emphasis in original). On March 30, 2022 the Court granted iFIT until April 21 to "file an amended complaint to replead 'pre-suit' induced and willful infringement claims."

3

D.I. 69 at 2. Thus, iFIT should have realized that the Court did not anticipate its use of discovery to draft its amended complaint. iFIT should also have realized, on or before April 7, 2022, *see* D.I. 85-3, Ex. B at 5, that Tonal may not produce the documents that iFIT sought.

Third, Judge Burke recommended the dismissal of iFIT's pre-suit induced and willful infringement allegations because (1) "many of the facts" that iFIT asserted in support of its claims were "not actually pleaded in the [Second Complaint]" and (2) the Second Complaint failed to "*assert or allege in some understandable way* that Tonal knew of the patents-in-suit as of . . . the dates that those patents issued." No. 21-652, D.I. 45 ¶ 5 (emphasis in original). iFIT never objected to Judge Burke's ruling. *See* D.I. 69 at 2. Thus, iFIT could have corrected the problems Judge Burke (rather helpfully) described with reference to information iFIT seemingly already possessed. *See* D.I. 45 ¶ 4 (citing iFIT's briefing). Finally, delaying iFIT's time to replead until after fact discovery concluded could prejudice Tonal, since Tonal would be subject to "discovery related to claims that are not defined by any allegations in a complaint." D.I. 96 at 6. Whether Tonal previously proposed that the parties meet their discovery deadlines earlier, *see* D.I. 85 ¶ 13, is irrelevant to what the parties' agreed-upon scheduling order requires.

iFIT cannot show good cause for an extension of time under Rule 6(b) because iFIT could have submitted an amended complaint within the Court's deadline. An extension may also prejudice Tonal. Thus, the Court denies iFIT's Motion.

Therefore, at Wilmington this 24th day of October 2022, **IT IS HEREBY ORDERED** that iFIT's Motion for Extension of Time (D.I. 85) is **DENIED.**

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE