IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TONAL SYSTEMS, INC., | ) |
|     Declaratory Judgment Plaintiff and Defendant, | ) ) ) |
| v. | ) C.A. No. 20-1197 (GBW) (CJB) ) CONSOLIDATED |
| iFIT INC., | ) ) ) |
|     Declaratory Judgment Defendant and Plaintiff. | ) ) |

**TONAL SYSTEMS, INC.'S UNOPPOSED MOTION FOR LEAVE
TO AMEND ITS ANSWER, DEFENSES, AND COUNTERCLAIMS TO ADD
<u>INEQUITABLE CONDUCT COUNTERCLAIMS</u>**

Pursuant to Federal Rule of Civil Procedure 15(a)(2) and Local Rule 15.1, Declaratory Judgment Plaintiff and Defendant Tonal Systems, Inc. ("Tonal") hereby moves this Court for leave to file an Amended Answer, Defenses, and Counterclaims against Declaratory Judgment Defendant and Plaintiff iFIT Inc. ("iFIT") to add inequitable conduct counterclaims. A copy of Tonal's proposed Amended Answer, Defenses, and Counterclaims is attached to this Motion as Exhibit A. A redlined version, which shows changes made to "Tonal Systems, Inc.'s Answer, Defenses, and Counterclaims to iFIT, Inc.'s First Amended Complaint for Patent Infringement" (D.I. 81)[1], is attached as Exhibit B.

In support of its motion, Tonal states as follows:

**I.      RELEVANT FACTUAL BACKGROUND**

1.      On May 24, 2021, iFIT filed a First Amended Complaint ("FAC") alleging that Tonal infringed U.S. Patent Nos. 10,953,268 (the '268 Patent") and 10,967,214 ("the '214

---

[1] Docket items refer to C.A. No. 20-1197 unless otherwise noted.

Patent"). C.A. No. 21-652, D.I. 7.[2] On April 13, 2022, Tonal filed its Answer, Defenses, and Counterclaims to iFIT's FAC alleging, *inter alia,* counterclaims of non-infringement and invalidity of the '268 and '214 Patents. C.A. No. 20-1196, D.I. 81.

2. Under the original scheduling order, the deadline to amend pleadings for inequitable conduct was December 23, 2022. D.I. 32, ¶ 2. Tonal reached out to iFIT and provided a draft of the proposed amended pleading in mid-to-late November 2022. The parties then entered into a stipulated stay of the case (D.I. 140), which was lifted on January 3, 2023. D.I. 142. A Revised Scheduling Order was entered on January 11, 2023, and set a pleading amendment deadline of January 17, 2023 to add claims for inequitable conduct. D.I. 147, ¶ 2.

## II. ARGUMENT

3. Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend a pleading "only with the opposing party's written consent or the court's leave," and the court "should freely grant leave when justice so requires." Leave to amend a pleading should be granted "[i]n the absence of undue delay, bad faith, or dilatory motives on the part of the moving party . . . unless it is futile or unfairly prejudicial to the non-moving party." *Voterlabs, Inc. v. Ethos Grp. Consulting Servs.*, 2020 WL 6131760, at *3 (D. Del. Oct. 19, 2020) (citations omitted). Here, leave should be granted because there is no undue delay, bad faith, dilatory motive, or unfair prejudice associated with the proposed amendment.

4. Tonal's motion is brought in good faith and without undue delay as it is being brought within the deadline to amend the pleadings for inequitable conduct under the Revised Scheduling Order (D.I. 147, ¶ 2). Courts in this District have held that when a motion for leave is filed within the timeframe set forth in the Scheduling Order, "there can be no unfair prejudice

---

[2] The 21-652 case was consolidated with C.A. No. 20-1197 on February 14, 2022. *See* D.I. 58.

to defendant." *Butamax Adv. Biofuels, LLC v. Gevo, Inc.*, 2012 WL 2365905, at *2 (D. Del. June 21, 2012); *see also Invasas Corp. v. Renesas Elecs. Corp.*, 2013 WL 1776112, at *3 (D. Del. Apr. 24, 2013) (granting motion filed on the last day to amend pleadings, noting that "[t]he fact that the Motion was filed within this deadline, one agreed to by both parties, strongly supports a conclusion that the amendment was not untimely filed (and, relatedly, that its filing will not work to unfairly prejudice [defendant]"); *Bos. Sci. Corp. v. Edwards Lifesciences Corp.*, 2017 WL 781046, at *2 (D. Del. Feb. 28, 2017) (finding no undue delay and no unfair prejudice in permitting motion for leave to amend pleading on the last day to amend under in the scheduling order).

5. Nor will iFIT be unfairly prejudiced by the amendment. Indeed, iFIT has stated that it does not oppose this motion.

6. The proposed amendment is also not futile. An amendment is futile only if it would not survive a motion to dismiss for failure to state a claim upon which relief could be granted. *See Alvitt v. Suzuki*, 277 F.3d 107, 121 (3d Cir. 2000). A claim for inequitable conduct requires the allegation of facts plausibly supporting that the patentee breached his or her duty of "candor, good faith, and honesty" to the Patent Office ("PTO"). *See Apotex Inc. v. UCB, Inc.*, 763 F.3d 1354, 1360-61 (Fed. Cir. 2014). The accused infringer must prove inequitable conduct by "clear and convincing evidence that the patent applicant (1) misrepresented or omitted information material to patentability, and (2) did so with specific intent to mislead or deceive the PTO." *Am. Calcar, Inc. v. Am. Honda Motor Co.*, 768 F.3d 1185, 1188-189 (Fed. Cir. 2014).

7. Tonal's proposed amendment pleads particular facts plausibly showing that iFIT and its counsel were aware of prior art references that were material to the patentability of the '268 and '214 Patents' claims, and knew those references were material, but took deliberate actions to

ensure that the PTO would not, in fact, consider those references, in order to assert the '268 and '214 Patents against Tonal—including submitting thousands of references during prosecution of the '268 and '214 Patents, many of which were irrelevant and/or previously submitted during prosecution of parent applications, while omitting the material references. These and other facts set forth in theproposed amendment plausibly show that iFIT's deliberate omissions were done with the specific intent to mislead the PTO into issuing claims that iFIT knew were not patentable over the prior art.

### III.  CONCLUSION

8.  In view of the foregoing, Tonal respectfully requests that the Court grant Plaintiff's unopposed motion for leave to file the attached Amended Answer, Defenses, and Counterclaims. A form of Order is attached hereto.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jennifer Ying*

Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
jying@morrisnichols.com

OF COUNSEL:

Daralyn J. Durie
Timothy C. Saulsbury
Bethany D. Bengfort
Andrew L. Perito
Joyce C. Li
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105
(415) 268-7000

*Attorneys for Tonal Systems, Inc.*

January 13, 2023

## LOCAL RULE 7.1.1 CERTIFICATION

Pursuant to D. Del. LR 7.1.1., counsel for Tonal Systems, Inc. states that it has conferred with counsel for iFIT Inc. and that iFIT does not oppose the relief sought by the foregoing motion.

*/s/ Jennifer Ying*

Jennifer Ying (#5550)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TONAL SYSTEMS, INC., ) | |
| ) | |
| Declaratory Judgment ) | |
| Plaintiff and Defendant, ) | |
| ) | C.A. No. 20-1197 (GBW) (CJB) |
| v. ) | CONSOLIDATED |
| ) | |
| iFIT INC., ) | |
| ) | |
| Declaratory Judgment ) | |
| Defendant and Plaintiff. ) | |

**PROPOSED ORDER**

THIS ____ DAY of _____, 2023, the Court having considered Tonal Systems, Inc.'s ("Tonal") Unopposed Motion for Leave to Amend Answer, Defenses, and Counterclaims to Add Inequitable Conduct Counterclaims,

IT IS HEREBY ORDERED that Tonal's motion is granted.

_____
J.

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 13, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on January 13, 2023, upon the following in the manner indicated:

| | |
|---|---|
| Frederick L. Cottrell, III, Esquire<br>Christine D. Haynes, Esquire<br>RICHARDS, LAYTON & FINGER, P.A.<br>920 North King Street<br>Wilmington, DE 19801<br>*Attorneys for iFIT, Inc.* | *VIA ELECTRONIC MAIL* |
| David R. Wright, Esquire<br>Alexis K. Juergens, Esquire<br>Adam R. Aquino, Esquire<br>FOLEY & LARDNER LLP<br>95 South State Street, Suite 2500<br>Salt Lake City, UT 84111<br>*Attorneys for iFIT, Inc.* | *VIA ELECTRONIC MAIL* |
| Michael R. Houston, Esquire<br>FOLEY & LARDNER LLP<br>321 North Clark Street, Suite 3000<br>Chicago, IL 60654<br>*Attorneys for iFIT, Inc.* | *VIA ELECTRONIC MAIL* |

*/s/ Jennifer Ying*

Jennifer Ying (#5550)